IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN BOTTILA,

                                   Plaintiff,

ORDER

08-432-slc

    v.

CITY OF MADISON
POLICE DEPARTMENT,

                                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this pro se civil rights case, plaintiff Stephen Bottila is proceeding on a claim that officers of defendant Madison Police Department violated his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, by denying him access to a place of public accommodation and a public park because of his service animal. This case was originally assigned to Magistrate Judge Stephen Crocker and set for trial on Monday June 22, 2009. After the parties declined the magistrate's jurisdiction on May 8, 2009, the case was reassigned to me in light of the close trial date.

       Now before the court is plaintiff's response to Magistrate Judge Stephen Crocker's pretrial order as well as a motion from plaintiff requesting accommodations for his

1

disabilities during the trial and a motion from defendant requesting adjournment of the trial date. Based on plaintiff's submissions to the court, it is apparent that plaintiff has sufficient evidence to make a prima facie case and this case will proceed to trial. However, in light of the case being reassigned, the trial date will be rescheduled.

On April 29, 2009, Magistrate Judge Crocker issued an order clarifying the remaining issues for trial and explaining to the parties the court's pretrial procedure. In that order, the magistrate judge instructed plaintiff to submit a letter to the court listing the names of the witnesses he intends to call at trial, describing the testimony he expects each witness will give and describing the other forms of evidence he plans to introduce.

The purpose of the April 29 order was to insure that plaintiff had gathered the evidence necessary to prove his case at trial and survive a motion for directed verdict. As indicated in the magistrate judge's order, plaintiff must prove that: (1) his disability is a mental or physical impairment that substantially limits a major life activity; (2) he requires the use of his service dog in public streets and parks; (3) allowing him the use of his service dog in public streets and parks is a "reasonable modification[] to rules, policies or practices" that would entitle him to services provided by the public entity; (4) defendant Madison Police Department has a rule, policy or practice of prohibiting individuals with disabilities from having their service animals with them in public streets or parks; and (5) modifying the rule, policy or practice will affirmatively enhance his quality of life by ameliorating the

effects of the disability.

On May 13, 2009, plaintiff submitted his response, in which he details the witnesses and exhibits he plans to use in his case. Plaintiff has identified two neurologists that can testify to his medical condition and the impact it has on his life activities. In addition, the neurologists and LaVonne R. LaFave, the Park Coordinator for the City of Madison Parks Division, can testify to plaintiff's need for a service animal in public areas. According to plaintiff's submission, LaFave provided plaintiff with documentation for his service animal. As further proof of the status of his "service animal," plaintiff plans to provide a letter he received from the Department of Human Services that "declares" his dog a service animal. Plaintiff should remember that in order to submit the letter into evidence he must have it authenticated as provided in the Federal Rules of Evidence. Specifically, I direct plaintiff's attention to Rules 901-903, which describe the requirement and method of authenticating documents. Last, plaintiff has identified a number of witnesses that could testify to the policies of the City of Madison regarding the use of service animals in public areas, such as LaFave, Officer Kellog, Officer York and Officer Roman. From the information plaintiff has provided in response to the magistrate's order, I conclude that plaintiff has gathered sufficient evidence to make a prima facie case for his claim of discrimination under Title II of the ADA.

Before turning to the remaining motion, I will briefly address two issues regarding

3

plaintiff's case. First, it is plaintiff's duty to insure that the witnesses he plans to call at trial are present at the court. As mentioned in the court's "Procedures for Calling Witnesses to Trial," plaintiff must subpoena any witness who is not willing to testify voluntarily. Plaintiff has filed no subpoenas with the court. Therefore, I assume that all the witnesses he has identified are either testifying voluntarily or by agreement with defendant. If this is not true, plaintiff should inform the court immediately about any witness who has not volunteered to testify, especially if it is a witness necessary to prove his case. Second, plaintiff was granted leave to proceed on his claim that he was denied access to a place of public accommodation and a public park by police officers by defendant Madison Police Department. The trial will be limited to this claim.

With respect to plaintiff's requested accommodations, in principle, none of the requests present a foreseeable problem. Plaintiff has asked the court whether he may bring his service animal to the courthouse and have him present in the courtroom during trial. On May 22, 2009, I set a briefing schedule for defendant to respond to plaintiff's request on this issue. I will stay a decision on this request until after the parties have fully briefed this matter. Regardless, plaintiff will be allowed to bring his service animal to the pretrial conference.

Also, plaintiff asks that his case not be dismissed in the event that he is absent or arrives late to court because of a seizure on the day of trial. Plaintiff is concerned that

4

because most seizures do not require ambulance responses or hospitalizations, there will be no "proof" of his seizure. In the event that plaintiff has a medical emergency on the day of trial and cannot appear at all or on time, plaintiff's case will not be summarily dismissed. However, the court will not assume as a matter of course that plaintiff's absence or late arrival is a result of a seizure. Plaintiff will need to explain any absence or late arrival to the court. Although he may lack medical records proving his absence, he can still present his own testimony as proof of the incident.

Related to this issue, plaintiff asks the court to be lenient with plaintiff's "timeliness" regarding deadlines and appearances because his condition makes him dependent on others for his transportation. As a general matter, I cannot excuse plaintiff's potential lack of timeliness regarding submissions or appearances at court. It is plaintiff's responsibility to insure that he meets all deadlines. I cannot grant him premature leeway to be late with respect to these deadlines. However, as previously mentioned, plaintiff can ask the court to accept late materials or excuse his late appearance in the event of an emergency and unforeseeable circumstances. The court will consider these on a case-by-case basis. Therefore, to the extent plaintiff asks for a preliminary ruling on whether his claims will be dismissed because of his lateness or absence or whether he will be excused for late submission or appearances, his motion will be denied without prejudice. Plaintiff may raise these issues as the situation arises.

5

Last, plaintiff asks this court for permission to use and possess certain prescription drugs on federal premises. Plaintiff is not prohibited from either possessing or using legally prescribed drugs in or around the courthouse. I would assume that most medications provided by doctors would not be "controlled substances" subject to prosecution under federal law. However, I cannot assess whether plaintiff's medications are a "controlled substances." If they are, I cannot absolve plaintiff of any potential criminal liability. If plaintiff is concerned about the legality of his medication, it is his responsibility to inquire into this issue. However, because I cannot determine on the present record whether plaintiff's medications are legal, I must deny his motion in this respect.

I turn to defendant's request to adjourn the court's June 22, 2009 trial date. This request was filed on the court's electronic filing system on the same day Magistrate Judge Crocker issued a memorandum moving the trial date to June 24, 2009, so it appears that defendant's counsel was unaware of the change. In any case, although defendant does not specify the new trial date it is seeking, it is clear from defendant's counsel's affidavit that it wishes to move the trial to another week.

According to defendant's counsel, he did not secure the presence of his witnesses for trial on June 22, 2009, in reliance upon the court's representations that it would assign a new trial date because the parties did not consent to Magistrate Judge Crocker's jurisdiction. Defendant's counsel points to Magistrate Judge Crocker's April 22, 2009 text order, dkt.

6

#23, in which he wrote that a declination "will lead to case reassignment and a new trial date." Also, according to defendant's counsel, an associate of his contacted the court on May 7, 2009 and was told that because the parties had not consented there would be a new scheduling order and trial date.

Because defendant has not secured the availability of its witnesses for the week of June 22, 2009, in light of the court's representations, I will grant defendant's motion requesting a new trial date. However, it is defendant's responsibility to set up a telephone conference with plaintiff and the court to select a new trial date and modify the deadline for submitting materials for trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Stephen Bottila's claim that he was denied access to a place of public accommodation and a public park by police officers by defendant Madison Police Department will proceed to trial.

2. Plaintiff's motion requesting accommodations is STAYED with respect to the presence of his service animal. In all other respects, the motion is DENIED without prejudice; plaintiff may raise the issue of his lateness or absence and its consequence when the situation arises.

3. Defendant City of Madison Police Department's motion to adjourn the trial date is GRANTED. Defendant must set up a date and time for a telephone conference with plaintiff and the court by June 8, 2009. All the pending deadlines in this case will be suspended.

Entered this 1st day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge