IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHEN M. BOTTILA,

                                                               ORDER

                     Plaintiff,

                                              08-cv-432-bbc

         v.

CITY OF MADISON POLICE DEPARTMENT,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 13, 2009, judgment was entered in this case in favor of defendant City of Madison Police Department after I granted its motion for judgment as a matter of law under Fed. R. Civ. P. 50 on plaintiff Stephen Bottila's claim that defendant violated his rights under the Americans Disabilities Act by refusing to recognize his dog as a service animal. (In a previous order, dkt, #56, I stated mistakenly that judgment was entered on August 11. I granted defendant's Rule 50 motion on that day, but judgment was not entered until two days later.)  On September 2, 2009, plaintiff filed a document labeled "Motion to Declare Mistrial."  Although the title of his motion suggested that he was filing a motion for a new trial under Fed. R. Civ. P. 59, some of the language in the motion suggested that he was filing a notice of appeal.  In an order dated September 14, 2009, I gave plaintiff until

September 30, 2009 to clarify his intentions.

Plaintiff's response suggests that he intended his motion to be a motion for a new trial under Rule 59 or, in the alternative, a notice of appeal in the event that his Rule 59 motion is denied.  Accordingly, that is how I will construe his September 2 filing.

As I explained to plaintiff in the September 14 order, plaintiff was required to file a motion under Rule 59 within 10 days after judgment was entered.  Fed. R. Civ. P. 59(b). Even if I exclude weekends from the computation as Fed. R. Civ. P. 6(a)(2) requires, plaintiff's motion was filed more than 10 days after August 13.  Plaintiff seems to believe that the court or the defendant has the "discretion" to extend the deadline, but he is wrong. "A court must not extend the time to act under Rules 50(b) and (d), 52(b), *59(b)*, (d), and (e), and 60(b), except as those rules allow."  Fed. R. Civ. P. 6(b)(2) (emphasis added). Because Rule 59 itself does not contain a provision for allowing extensions, the 10-day deadline is absolute.

The Court of Appeals for the Seventh Circuit has directed district courts to treat an untimely motion for a new trial as one brought "under the more restrictive regimen of Rule 60(b)."  Cash v. Illinois Division of Mental Health, 209 F.3d 695, 698 (7th Cir. 2000). This means that I may consider only whether at trial I "erred in assessing factors that could render the judgment vulnerable to attack—i.e., mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud."  Id.  Plaintiff may not use Rule 60 "for

2

correcting simple legal errors." Id.  Because all of plaintiff's arguments related to alleged legal errors that I made, he cannot prevail under Rule 60.

This leaves plaintiff's notice of appeal, which is timely because it was filed within 30 days of the judgment.  Fed. R. App. P. 4(a)(1)(A).  Plaintiff has not submitted the filing fee, so I construe his notice as including a request to proceed in forma pauperis on appeal. Because plaintiff was granted leave to proceed in forma pauperis in this court, he "may proceed on appeal in forma pauperis unless . . . the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." Fed. R. App. P. 24(a).  Upon review of the record, I cannot find that plaintiff is not entitled to proceed in forma pauperis on appeal, and I cannot certify that an appeal would be taken in bad faith.

ORDER

IT IS ORDERED that

1.  Plaintiff Stephen Bottila's motions under Fed. R. Civ. P. 59 and 60 are DENIED.

3

2.  Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal is GRANTED.

Entered this 5th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge